| | |
|---|---|
| 1 | Michael S. Kun   (State Bar No. 208684) |
| 2 | Betsy Johnson    (State Bar No. 119847)<br>Aaron F. Olsen    (State Bar No. 224947) |
| 3 | EPSTEIN BECKER & GREEN, P.C.<br>1925 Century Park East, Suite 500 |
| 4 | Los Angeles, California 90067-2506<br>Telephone:  (310) 556-8861 |
| 5 | Facsimile:   (310) 553-2165<br>mkun@ebglaw.com |
| 6 | bjohnson@ebglaw.com<br>aolsen@ebglaw.com |
| 7 | Attorneys for Defendants |
| 8 | AMERICAN MEDICAL RESPONSE, INC.;<br>AMERICAN MEDICAL RESPONSE OF |
| 9 | SOUTHERN CALIFORNIA; AMERICAN<br>MEDICAL RESPONSE OF INLAND |
| 10 | EMPIRE; and AMERICAN MEDICAL<br>RESPONSE AMBULANCE SERVICE, INC. |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA KARAPETIAN, on behalf of herself and all similarly situated Southern California dispatcher *of the named defendants* | CASE NO. **CV11-02129** MRP(JCx)<br><br>NOTICE OF REMOVAL<br><br>Under 28 U.S.C. §§ 1332(d) [Class Action Fairness Act Of 2005]<br><br>Trial Date:         None Set<br>Complaint Filed:   January 8, 2009<br><br>Formerly Los Angeles County Superior Court Case No. BC 405195 and JCCP No. 4604<br>Judge Robert B. Freedman, Dept. 20 |
| Plaintiff, | |
| vs. | |
| AMERICAN MEDICAL RESPONSE, INC.; *Emergency Medical Services Corporation and Does 1 through 100, inclusive* | |
| Defendants. | |

---

FIRMWEST:2093645v1     DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(d)

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendants AMERICAN MEDICAL RESPONSE, INC., AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA, AMERICAN MEDICAL RESPONSE OF INLAND EMPIRE, and AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC. ("Defendants") hereby remove to this Court the state court action filed by Plaintiff LAURA KARAPETIAN ("Plaintiff") on behalf of herself and all similarly situated employees.

Jurisdiction is invoked pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1453 and 1332(d), in that the number of members of the proposed plaintiff class in the aggregate is more than 100, Plaintiff is a citizen of a state different than two (2) of the Defendants, and the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

## I. PLEADINGS, PROCESS, AND ORDERS

1. On or about January 8, 2009, Plaintiff commenced an action against American Medical Response, Inc. and Emergency Medical Services Corporation in the Superior Court of the State of California for the County of Los Angeles by filing a complaint therein entitled <u>Laura Karapetian v. American Medical Response, Inc., Emergency Medical Services Corporation and Does 1-100</u>, Case No. BC 405195.

2. Plaintiff's original Complaint purported to state causes of action for: 1) failure to provide meal periods; 2) failure to provide rest breaks; 3) Labor Code violations for wages unpaid when employment ends; 4) violation of Labor Code Section 226; 5) violation of Labor Code Section 558; and 6) violation of California Business and Professions Code Section 17200. Declaration of Michael S. Kun ("Kun Dec."), ¶ 3, Exhibit A.

3. Because Plaintiff's original Complaint did not on its face set forth grounds for removal, Defendants could not and did not remove the action. As

explained more fully below, the action only became removable when Plaintiff submitted responses to Defendants' Special Interrogatories that allowed Defendants to determine for the first time that the amount in controversy in this action exceeded $5,000,000. (Kun Dec., ¶ 4.)

4. On January 22, 2009, the action was designated as non-complex by a Minute Order issued by the Superior Court. (Kun Dec., ¶ 5, Ex. B.)

5. Defendants filed a Notice of Related Case on February 9, 2009. The Notice of Related Case explained that this action was related to <u>Vaughn Banta v. American Medical Response, Inc., et al.</u>, Los Angeles Superior Court, Case No. BC 393113 ("Banta"), which was filed on June 23, 2008. The <u>Banta</u> action has the earliest filing date. (Kun Dec., ¶ 6, Ex. C.)

6. Defendants filed a Demurrer to the Complaint on or about February 9, 2009. (Kun Dec., ¶ 7, Exs. D, E, F.)

7. Thereafter, Defendants' filed an Objection to the Non-Complex Designation. (Kun Dec., ¶ 8, Exs. G, H.)

8. On August 7, 2009, Defendants filed a Notice of Petition for Coordination of Actions. The Court issued an Order staying the action pending a determination on Defendants' Petition. (Kun Dec., ¶ 9, Exs. I, J.)

9. The Court subsequently ordered that this action should be coordinated with <u>Banta</u> and with <u>Laura Bartoni, et al. v. American Medical Response West, et al.</u>, Alameda County Superior Court Case No. RG08382130. Subsequently, these cases were all coordinated with a fourth action entitled <u>Melanie Aguilar v. American Medical Response of Southern California</u>, Los Angeles County Superior Court Case No. BC 433224 (Kun Dec., ¶ 10, Ex. K.)

10. On January 12, 2010, Plaintiff amended her Compliant to substitute Defendant American Medical Response of Southern California for Doe Defendant 1. (Kun Dec., ¶ 11, Ex. L.)

///

11. On March 25, 2010, Plaintiff served the First Amended Complaint ("FAC"). In the FAC, Plaintiff substituted Defendant American Medical Response of Inland Empire for Doe Defendant 2 and Defendant American Medical Response Ambulance Service, Inc. for Doe Defendant 3. (Kun Dec., ¶ 12, Ex. M.)

12. The FAC purports to state causes of action against all Defendants for: 1) failure to provide meal periods; 2) failure to provide rest breaks; 3) Labor Code violations for wages unpaid when employment ends; 4) violation of Labor Code Section 226; 5) violation of Labor Code Section 558; and 6) violation of California Business and Professions Code Section 17200. (Kun Dec., ¶ 12, Ex. M.)

13. Because the FAC did not on its face set forth grounds for removal, Defendants could not and did not remove the action. (Kun Dec., ¶ 13.)

14. Defendants filed a Demurrer to the FAC on April 30, 2010. In addition, Defendants filed a Motion to Strike portions of Plaintiff's FAC on April 30, 2010. (Kun Dec., ¶ 14, Exs. N, O.)

15. On June 6, 2010, Plaintiff filed her Oppositions to the Demurrer and Motion to Strike. (Kun Dec., ¶ 15, Exs. P, Q.)

16. Defendants filed the replies to Plaintiff's Oppositions to the Demurrer and the Motion to Strike on June 18, 2010. (Kun Dec., ¶ 16, Exs. R, S.)

17. On June 28, 2010, the Court overruled Defendants' Demurrer but granted Defendants' Motion to Strike, in part. The Court struck Plaintiff's Fifth Cause of Action for violation of Labor Code § 558. (Kun Dec., ¶ 17, Ex. T.)

18. Defendants served and filed an Answer to the FAC on July 12, 2010. (Kun Dec., ¶ 18, Ex. U.)

19. Exhibits A-U represent all of the processes, pleadings and orders served and filed on and by Defendants relating to the original Complaint and the FAC in the Superior Court. (Kun Dec., ¶ 19.)

20. On or about December 29, 2010, each Defendant served separate Special Interrogatories on Plaintiff. (Kun Dec., ¶¶ 20-24, Exs. V-Y.)

FIRMWEST:2093645v1   DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(d)

21.     On February 11, 2011, Plaintiff responded to each of Defendants' Special Interrogatories. (Kun Dec., ¶¶ 25-29, Exs. Z-CC.)

22.     As discussed more fully below, Plaintiff's responses to Defendants' Special Interrogatories allowed Defendants to determine for the first time that there is more than $5,000,000 in controversy in this action.

## II.     BASIS FOR REMOVAL

23.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the United States District Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1332(d), and 1453 in that it is a purported class action in which there are more than 100 putative class members, it is between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

24.     As alleged more fully below, this Court has original jurisdiction under CAFA over all claims brought by Plaintiff.  Because Plaintiff's action could have been filed in this Court, Defendants may remove it pursuant to 28 U.S.C. § 1441.

25.     CAFA was enacted to expand federal jurisdiction over purported class actions.  It provides that a purported class action may be removed in accordance with 28 U.S.C. § 1446 if:  (a) membership in the putative class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any Defendants; and (c) the aggregate amount in controversy exceeds $5,000,000.  28 U.S.C. §§ 1332(d), 1453(b).  All of these criteria are satisfied here.

### Class Size

26.     CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)(B)) is satisfied here because the putative class has more than 100 members.

///

FIRMWEST:2093645v1     DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(d)

27. In her FAC, Plaintiff seeks to represent all of Defendants' current or former "dispatchers employed by Defendants in the following California counties during the 4 years immediately preceding the filing of this lawsuit to the present: Los Angeles, San Diego, Orange, Ventura, Santa Barbara, Imperial, Riverside, and San Bernardino." (Kun Dec., ¶ 30, Exhibit M, FAC ¶ 10.)

28. As of February 10, 2011, Defendants' records indicate that there are 316 persons in the putative class. Declaration of Julie A. Mederos ("Mederos Dec."), ¶ 3-7. Of the 316 putative class members, 195 of them are former employees. (Kun Dec., ¶ 41.)

**Citizenship**

29. CAFA's requirement that any one member of the proposed class be a citizen of a state different from any Defendants (28 U.S.C. § 1332(d)(2)(A)) is also satisfied here.

30. Defendants are informed and believe that Plaintiff was, at the time of filing of this action, and still is, a citizen of the State of California. (FAC ¶ 1.)

31. Defendant American Medical Response, Inc. was at the time of the filing of this action, and still is, a corporation formed under the laws of the State of Delaware, and has its principal place of business in Greenwood Village, Colorado. It has no employees in California. Defendant American Medical Response, Inc. is, therefore, a citizen of Delaware and Colorado. (Mederos Dec., ¶ 8.)

32. Defendant American Medical Response Ambulance Service, Inc. was at the time of the filing of this action, and still is, a corporation formed under the laws of the State of Delaware, and has its principal place of business in Greenwood Village, Colorado. It has no employees in California. Defendant American Medical Response Ambulance Service, Inc. is, therefore, a citizen of Delaware and Colorado. (Mederos Dec., ¶ 9).

33. The requirements for diversity jurisdiction under 28 U.S.C. § 1332 and 1441(a) and (b) are met because Plaintiff and Defendants American Medical

Response, Inc. and American Medical Response Ambulance Service, Inc. are citizens of different states.

### Amount In Controversy

34. CAFA's requirement that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2)), is satisfied here as well. Although Defendants dispute liability and damages, Plaintiff's responses to Defendants' Special Interrogatories establish that there is more than $5,000,000 in controversy in this action.

35. Both the Complaint and FAC are silent as to the amount of damages claimed. The failure of a complaint to specify the amount of damages sought by plaintiff does not deprive this Court of jurisdiction. See, White v. J.C. Penny Life Ins. Co., 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (Defendants may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim.") Because the Complaint and FAC are silent as to the amount in controversy, Defendants need only establish by a preponderance of evidence that Plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

36. The First Cause of Action of the FAC alleges a cause of action against all Defendants for failure to provide meal periods in violation of Labor Code §§ 226.7 and 512. (Kun Dec. ¶ 31, Exhibit M, FAC ¶¶ 16-18.) Plaintiff seeks recovery for alleged lost wages, penalties, interest, attorneys' fees and costs. (Kun Dec. ¶ 31, Ex. M; FAC ¶¶ 19-20.)

37. The Second Cause of Action of the FAC alleges a cause of action against all Defendants for failure to provide rest periods in violation of Labor Code § 226.7. (Kun Dec. ¶ 32, Ex. M; FAC ¶¶ 22-23.) Plaintiff seeks recovery of

alleged lost wages, penalties, interest, attorneys' fees and costs. (Kun Dec. ¶ 32, Ex. M; FAC ¶¶ 24-27.)

38.  The Third Cause of Action of the FAC alleges a cause of action against all Defendants for violation of California Labor Code §§ 201-203 for allegedly failing to pay wages at the termination of employment. (Kun Dec. ¶ 33, Ex. M; FAC ¶¶ 28-30.) Plaintiff seeks recovery of alleged lost wages, interest, penalties, attorneys' fees and costs. (Kun Dec. ¶ 33, Ex. M; FAC ¶¶ 30-32.)

39.  The Fourth Cause of Action of the FAC alleges a cause of action against all Defendants for violation of California Labor Code § 226 for failure to provide accurate wage statements. (Kun Dec. ¶34, Ex. M; FAC ¶¶ 33-4.) Plaintiff seeks recovery of all penalties under Labor Code § 226 (e). (Kun Dec. ¶34, Ex. M; FAC ¶¶ 35-36.)

40.  As discussed above, the Fifth Causes of Action of the FAC was stricken by the Court because Plaintiff failed to state a claim for penalties under Labor Code § 558. (Kun Dec. ¶ 35, Ex. T.)

41.  The Sixth Cause of Action of the FAC alleges a cause of action against all Defendants for unfair business practices in violation of California Business & Professions Code § 17200, et seq. (Kun Dec. ¶ 36, Ex. M; FAC ¶30.) Plaintiff seeks restitution, attorneys' fees and costs for the class. (Kun Dec. ¶ 36, Ex. M; FAC ¶¶ 31-33.)

42.  Defendants served discovery upon Plaintiff in an attempt to obtain information about her claims, including the amount in controversy. (Kun Dec., ¶ 20.)

43.  On February 11, 2011, Defendants received Plaintiff's responses, which provided information demonstrating for the first time that the amount in controversy in this case exceeds $5,000,000. (Kun Dec., ¶ 25.)

44.  In Plaintiff's responses to each of the Defendants' Special Interrogatories, Plaintiff contends for the first time that she missed four (4) meal

and/or rest periods each week. (Kun Dec. ¶ 37, Ex. Z at 8:20-28-10:2; Ex. AA at 8:14-28-9:21; Ex. BB at 8:20-28-10:2; and Ex. CC at 8:20-28-10:2.)

45. During the class period, Plaintiff's hourly rate of pay ranged from $17.75 to $28.72. (Kun Dec. ¶ 38, Ex. Z at 8:20-28-10:2; Ex. AA at 8:14-28-9:21; Ex. BB at 8:20-28-10:2; and Ex. CC at 8:20-28-10:2.)

46. Defendants have calculated that the amount in controversy for the First and Second Causes of Action is $2,451,196.28, exclusive of interest. This was calculated by using the actual workweeks worked by each of the 316 putative class members, along with each individual's average hourly rate, and assuming that each was entitled to four (4) hours of additional pay for each week for the four (4) missed meal or rest periods. (Kun Dec., ¶ 39, 40.)

47. Defendants have calculated that the amount in controversy for the Third Cause of Action for "waiting time" penalties under Labor Code § 203 is $904,365.16. This was calculated by using each of the 195 former employee's final hourly rate for the 12-hour shifts typically worked by the dispatchers. Each individual's daily rate was determined by multiplying each individual's final straight time hourly rate by 12 hours. This amount was then multiplied by 30 days, the maximum penalty provided by Labor Code § 203. Of course, the total amount of Labor Code § 203 penalties in controversy would be greater if each individual's mandatory overtime rates were included in the calculation. (Kun Dec., ¶ 41.)

48. Defendants have calculated that the amount in controversy for the Fourth Cause of Action for wage statement penalties under Labor Code § 226 is $776,000.00. This was calculated by multiplying $50 (the penalty for an initial violation of by Labor Code § 226) by 316 (the number of putative class members), and by multiplying $100 (the penalty for subsequent violations of by Labor Code § 226) by the number of pay periods each individual worked during the period 2005 to March 1, 2011). Of the 316 putative class members, 194 of them worked over

///

- 9 -

FIRMWEST:2093645v1     DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(d)

41 pay periods and may seek the maximum recovery of $4,000 provided for by Labor Code § 226. (Kun Dec., ¶ 42.)

49. Defendants have calculated that the amount in controversy on the Plaintiff's prayer for relief for penalties under Wage Order No. 4 (20) is $879,450.00. This was calculated by multiplying $50 (the penalty for an initial violation of Wage Order No. 4 (20)) by 316 (the number of putative class members) and by multiplying $100 (the penalty for subsequent violations of Wage Order No. 4 (20)) by the number of pay periods each individual worked during the statutory period. (Kun Dec., ¶ 43.)

50. Based on the foregoing, the amount in controversy on Plaintiff's claims for penalties for missed meal and/or rest periods, violation of Labor Code § 226 and Wage Order No. 4(20) alone total $5,011,011.30, exclusive of interest.

51. In addition to this amount, Plaintiff is seeking restitution and attorneys' fees under California Business & Professional Code § 17200, et seq. and attorneys' fees and costs under Labor Code § 218.5. (Kun Dec., ¶ 44, Ex. M; FAC ¶ 30.) "Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract." Simmons v. PCR Tech., 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002). If Plaintiff prevails in this action, she can be awarded attorneys' fees in prosecuting her claims for unpaid wages, inaccurate wage statements, and violation of Business and Professions Code § 17200, or all of them. Cal. Code Civ. Proc. § 1021.5; Graham v. DaimlerChrysler Corp., 34 Cal.4th 553, 578 (2004). Those fees, whether discretionary or mandatory, must be included in calculating the amount in controversy. Simmons, 209 F.Supp.2d at 1155-56.

52. The attorneys' fees to be considered are not just those incurred as of the removal date. Rather "[s]uch fees necessarily accrue until the action is resolved." Simmons, 209 F.Supp.2d at 1034; Brady v. Mercedes-Benz USA, Inc., 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (amount in controversy includes "a

reasonable estimate of [attorneys'] fees likely to be incurred" through the lawsuit's conclusion.) "[A] reasonable, informed estimation of fees, based on the various tasks to be accomplished by both sides, and the hourly rates of the attorneys who will conduct those tasks (including future attorneys' fees) properly comprise the evidence that can and should be considered in evaluation the amount in controversy for jurisdictional purposes." Roe v. Teletech Customer Care Mgmt. (Colorado), LLC, 2007 U.S. Dist. LEXIS 41112 (W.D. Wash. 2007).

53. In California, "Courts recognize two methods for calculating attorney fees in civil class actions: the lodestar/multiplier method and the percentage of recovery method." Wershba v. Apple Computer, Inc., 91 Cal.App.4th 224, 254 (2001). Under the former, "the lodestar is calculated by multiplying the reasonable hours expended by a reasonable hourly rate. The court may then enhance the lodestar with a multiplier, if applicable." Id. Alternatively, in a common fund case, which this case is likely to be, the district court can determine the amount of attorneys' fees to be drawn from the fund by employing a "percentage" method. Staton v. Boeing Co., 327 F.3d 938, 968 (9th Cir. 2003). As its name suggests, under the percentage method, "the court simply awards the attorneys a percentage of the fund. . . ." Id. The Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998); Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

54. As applied here, the reasonable estimate of attorneys' fees awardable to Plaintiff, and therefore "in controversy," would be at least 25% of the damages and penalties that are in controversy. See, e.g., Abasi v. HCA, the Healthcare Co. Inc., C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods, with attorneys' fee award totaling over $1.2 million).

///

FIRMWEST:2093645v1     DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(d)

55. The amount of damages and penalties in controversy in this case, as calculated above, are at least $5,011,011.30. Assuming Plaintiff's counsel would seek only 25%, the attorneys' fees at issue in this case would be $1,252,752.

56. Including those attorneys' fees, the total amount in controversy is calculated to be $6,263,763.30.

57. For these reasons, the amount in controversy requirement of 28 U.S.C. §§ 1332(d) and 1453 has been met.

### III. VENUE

58. This is the District Court of the United States for the district embracing the place where the state court action was filed, and is, therefore, the appropriate court for removal.

### IV. TIMELINESS OF REMOVAL

59. This Notice of Removal is being timely filed within thirty (30) days of February 11, 2011, the date on which Defendants received Plaintiff's responses to Defendants' Special Interrogatories in which Plaintiff first provided information revealing for the first time that the case was removable.

60. Removability under 29 U.S.C. § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first 30 day requirement is triggered by Defendants' receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is not removable at that stage. In such case, "the notice of removal may be filed within thirty days after the Defendants receive 'an amended pleading, motion or other paper' from which it can be ascertained from the face of the document that removal is proper." Harris v. Bankers Life and Casualty Company, 425 F. 3d 689, 694 (9th Cir. 2005). Discovery responses may serve as papers within the meaning of section 1446(b) of informing Defendants that the case is no longer ambiguous and

///

1 | is consequently removable. <u>Eyak Native Vill. v. Exxon Corp.</u>, 25 F.3d 773, 779 (9th Cir. 1994).

61. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

DATED: March 10, 2011

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Betsy Johnson
Michael S. Kun
Betsy Johnson
Aaron F. Olsen
Attorneys for Defendants
AMERICAN MEDICAL RESPONSE, INC.; AMERICAN MEDICAL RESPONSE OF SOUTHERN CALIFORNIA; AMERICAN MEDICAL RESPONSE OF INLAND EMPIRE; and AMERICAN MEDICAL RESPONSE AMBULANCE SERVICE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

### CV11- 2129 MRP (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LAURA KARAPETIAN, on behalf of herself and all similarly situated Southern California dispatcher employees of American Medical Response of Southern California, American Medical Response, Inc., American Response of Inland Empire, and American Response Ambulance Services

**DEFENDANTS**
American Medical Response, Inc.; American Medical Response Of Southern California; American Medical Response Of Inland Empire; and American Medical Response Ambulance Service, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Karl Gerber, Esq. and Eric Palmer, Esq.
EMPLOYMENT LAWYERS GROUP
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone: (818) 783-7300 / Facsimile: (818) 995-7159

Attorneys (If Known)
Michael S. Kun (State Bar No. 208684)
Betsy Johnson (State Bar No. 119847)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, California 90067-2506;
Telephone: (310) 556-8861 / Facsimile: (310) 553-2165

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-02129

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                      CIVIL COVER SHEET                      Page 1 of

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | Colorado, Delaware |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Betsy Johnson_  Date  March 11, 2011
BETSY JOHNSON

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |