*LASC, Case No.: BC405195*                                                              JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 11-2129-VBF(JCx)**                                    Dated: **May 5, 2011**

Title:    Laura Karapetian -v- American Medical Response, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

    Joseph Remigio                                None Present
    Courtroom Deputy                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

  None Present                             None Present

**PROCEEDINGS (IN CHAMBERS):**    **COURT ORDER RE PLAINTIFF LAURA KARAPETIAN'S MOTION TO REMAND BASED ON LACK OF SUBJECT MATTER JURISDICTION; REQUEST FOR ATTORNEY'S FEES IN THE AMOUNT OF $3,700.00 AGAINST DEFENDANTS AND THEIR ATTORNEYS [DKT. #12]**

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  **The hearing set on this Motion for May 9, 2011 at 1:30 p.m. is hereby vacated and the matter is taken off calendar.**

**I.  RULING**

    The Court has received Plaintiff Laura Karapetian's Motion to Remand Based on Lack of Subject Matter Jurisdiction; Request for Attorney's Fees in the Amount of $3,700.00 (dkt. #12), Defendants' Opposition to Plaintiff's Motion to Remand; Defendants' Request for Sanctions (dkt. #15), Plaintiff Laura Karapetian's Reply Brief in Support of Motion to Remand Based on Lack of Subject Matter Jurisdiction and Request for

MINUTES FORM 90                           Initials of Deputy Clerk ___jre___
CIVIL - GEN

Attorney's Fees in the Amount of $3,700.00 (dkt. #19), and related documents.

For reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Remand, as Defendants have not sufficiently shown that their removal was timely pursuant to 28 U.S.C. § 1446(b). *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). However, the Court **DENIES** Plaintiff's request for attorney's fees, as Plaintiff has not sufficiently shown that Defendants had an interpretation of the statute that was "objectively unreasonable." *See* Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 2:3804 (The Rutter Group 2010).

**Accordingly, the Court REMANDS this case and all future dates, including the Scheduling Conference set for May 9, 2011, are taken off calendar**.

## II.  BACKGROUND

On January 8, 2009, Plaintiff filed her Complaint in California Superior Court asserting, inter alia, failure to give meal and rest periods and violations of the California Labor Code. Kun Decl. Exh. A. On March 25, 2010, Plaintiff filed the First Amended Complaint in the County of Alameda against Defendants American Medical Response, Inc.; American Medical Response of Southern California; American Medical Response of Inland Empire; American Medical Response Ambulance Service, Inc.; and Does 4 through 100, inclusive. Kun Decl. Exh. C.

On March 11, 2011, Defendants filed Notice of Removal (dkt. #1), asserting federal jurisdiction based on the Class Action Fairness Act of 2005 ("CAFA").  Plaintiff now moves to remand.

## III. ANALYSIS

### A.   Motion to Remand

The Court **GRANTS** the Motion to Remand on the ground that Defendants have not sufficiently shown that removal was timely.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g. Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (stating that there is a "strong presumption against removal jurisdiction").

"In general, defendant must file in the district court a notice of removal [] within 30 days after receipt of the first pleading in the state action that sets forth a removable claim." Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 2:3230 (The Rutter Group 2010) (*citing* 28 U.S.C. § 1446(b)).

"The 30-day removal period starts to run only upon defendant's receipt of an 'amended pleading, motion, order or other paper from which it may first be ascertained that the case is [] removable.'" *Id*. § 2:3315 (*citing* 28 USC § 1446(b)).  "Where grounds for removal do not appear on the face of the initial pleading, courts may look to 'documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal.'" *Id*. § 2:3317 (citations omitted). "Most courts view the 'other paper ' language expansively so that the 30-day removal period is triggered even by 'papers ' not filed in the case." *Id*. § 2:3318 (citations omitted).

Plaintiff filed her original complaint in Los Angeles Superior Court on January 8, 2009. Palmer Decl. ¶ 4.  Plaintiff states that on March 5, 2009, Plaintiff's counsel sent a letter to Defendants' counsel stating that Plaintiff's individual damages alone could total $75,000, which would establish an amount in controversy over $5,000,000 based on the number of class members. *Id*. ¶ 5, Exh. 1.  A settlement demand is relevant evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000); *see also* Schwarzer, et al. § 2:3322. Though Defendants assert, inter alia, that they did not receive the letter, and that they could not determine from the letter whether the amount in controversy exceeded $5,000,000, *see* Opp. at 15-16, 17-19, Defendants have failed to meet their burden and overcome the "strong presumption against removal jurisdiction." *See Abrego,* 443 F.3d at 685.

Defendants cite Senate Report No. 109-14 and state that, with respect to CAFA, "[a]ny doubt about federal jurisdiction should be resolved in favor of federal jurisdiction, and the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident." Opp. at 14.  However, the cited portion of Senate Report

No. 109-14 addresses the plaintiff's burden of demonstrating "that the applicable jurisdictional requirements are not satisfied" where a case was "properly removed by any defendant." 2005 U.S.C.C.A.N. 3, **36, **37. Because the instant controversy concerns *whether removal was procedurally proper*, Defendants bear the burden of demonstrating that removal was proper, and Defendants have not met such burden.

Because the Court remands on this ground, the Court need not address the other arguments raised in the moving papers.

### B.  Request for Attorney's Fees

On granting a motion for remand, the federal court may order the defendant to pay plaintiff's "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Schwarzer, et al. § 2:3800 (*citing* 28 USC § 1447(c)).  Fee awards are discretionary. *See id*. § 2:3802.  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id*. § 2:3803 (citations omitted).  "[F]ees may be denied where defendant's interpretation of the statute authorizing removal was not objectively unreasonable." *Id*. § 2:3804 (citations omitted).  The Court finds that, for reasons stated in Defendants' Opposition, Plaintiff has not sufficiently shown that Defendants had an interpretation of the statute that was "objectively unreasonable." Accordingly, the Court **DENIES** the request for attorney's fees.

**IT IS SO ORDERED.**

MINUTES FORM 90                                     Initials of Deputy Clerk    jre
CIVIL - GEN